UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH TRZECIAK, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  2:10-cv-00358 |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**STATE FARM FIRE & CASUALTY COMPANY'S
REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE**

The arguments within Plaintiff's Response to Motion to Strike ("Response") are so nonsensical that State Farm cannot determine to which of State Farm's Motions to Strike it purports to respond.[1]  Regardless, the Response fails to cogently address any of State Farm's arguments in either motion, fails to cure any defect alleged by State Farm in either motion, and introduces arguments that are incorrect, irrelevant, and/or untimely.

**I.     PLAINTIFF'S RESPONSE FAILED TO ADDRESS ANY ARGUMENTS IN EITHER OF STATE FARM'S MOTIONS TO STRIKE.**

First, State Farm cannot determine which of its Motions to Strike Plaintiff's Response is meant to apply.  On December 22, 2010, State Farm filed its Motion to Strike, requesting that the Court strike Plaintiff's unverified, unauthenticated, and inadmissible factual allegations and documents submitted in his Response to State Farm's Motion for Summary Judgment.  On the same day, State Farm separately filed its Motion to Strike and Opposition to Plaintiff's Motion

---

[1] On December 22, 2010, State Farm filed a Motion to Strike, requesting that the Court strike Plaintiff's unverified, unauthenticated, and inadmissible factual allegations and documents submitted in his Response to State Farm's Motion for Summary Judgment.  On the same day, State Farm also filed its Motion to Strike and Opposition to Plaintiff's Motion For Leave to Amend Complaint, in which State Farm requested that the Court strike Plaintiff's proposed Amended Complaint.

for Leave to Amend Complaint, requesting that the Court strike Plaintiff's submitted Amended Complaint and stating its opposition to Plaintiff's later-filed Motion to Amend.[2]  However, none of Plaintiff's arguments pertain to any of State Farm's arguments in either Motion to Strike, so State Farm cannot identify which of its Motions to Strike is at issue.

Further, even if it knew which Motion to Strike was at issue, State Farm cannot identify a single argument in Plaintiff's Response that addresses or cures any of the underlying defects raised in State Farm's Motions to Strike.  Even recognizing that Plaintiff is a pro se litigant and allowing him the generous treatment afforded to pro se litigants, *Averhart v. Arrendondo*, 773 F.2d 919 (7th Cir. 1985) (noting that the generous treatment afforded to pro se litigants does not exempt them from both the substantive and procedural rules of law and does not authorize a separate set of rules for them), State Farm finds no basis upon which the Plaintiff has made a legitimate counter-argument that requires its reply.

## II.     IF PLAINTIFF'S RESPONSE IS A FED. R. CIV. P. 56(d) MOTION, IT FAILS.

Plaintiff appears to argue that he has not had an opportunity to conduct discovery and that, therefore, summary judgment is inappropriate.  To the extent that Plaintiff's Response could be considered an attempt to oppose State Farm's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d), nevertheless, it fails, because Plaintiff has not presented the required information.[3]  Moreover, as detailed below, it is untimely.

A summary judgment non-movant must go beyond the pleadings and support his contentions with proper documentary evidence such as affidavits, depositions, answers to

---

[2] State Farm argued that Plaintiff untimely filed his Motion to Amend and served the proposed Amended Complaint without leave, that Plaintiff's Motion to Amend was defective for lack of specificity and violated Federal Rule of Civil Procedure 7(b), that Plaintiff's Motion To Amend violated Federal Rule Of Civil Procedure 9(b), that Plaintiff had not established the proper basis for leave to amend, and that justice did not require amendment of the complaint.

[3] Rule 56 was revised on April 28, 2010, effective December 1, 2010.  The current Rule's subdivision (d) carries forward without substantial change the provisions of former subdivision (f).

interrogatories, or admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the Plaintiff wished to assert that he could not present facts essential to justify his opposition to State Farm's Motion for Summary Judgment, Rule 56(d) would require him to present an affidavit or declaration specifying the reasons for his inability to present facts essential to justify his opposition. Additionally, the affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence . . . ." Fed. R. Civ. P. 56(c)(4).

As State Farm argued in its Motion to Strike (regarding the allegations and documents in Plaintiff's Response to State Farm's Motion for Summary Judgment "Response Brief"), which may be the subject of the Response to which State Farm now replies, the documents that Plaintiff submitted with his Response Brief were unauthenticated and subject to being stricken on that basis. Fed. R. Ev. 901, 902. Additionally, the purpose for which the documents were offered was hearsay, and many of the assertions were not based on his personal knowledge. Fed. R. Ev. 602, 801, 802. Further, every factual assertion in the Response Brief was unsupported by admissible evidence.

Plaintiff did not submit any affidavits, declarations, or authenticated documents with either his previous Response Brief or his current Response to support his allegations or to contradict State Farm's evidence. Therefore, Plaintiff did not fulfill his burden in opposing summary judgment, and State Farm is entitled to summary judgment in its favor. Moreover, to the extent Plaintiff's Response could be considered an attempt to gain shelter from having to prove the facts essential to justify his opposition to State Farm's Motion for Summary Judgment, Plaintiff did not and has not complied with Rule 56(d). Therefore, his attempt fails, and State Farm is entitled to summary judgment in its favor.

### III.    PLAINTIFF'S SUR-REPLY OR SUR-RESPONSE IS UNTIMELY.

To the extent that Plaintiff's Response is a sur-reply or sur-response to State Farm's Reply Brief in support of its Motion for Summary Judgment, Plaintiff's Response should be stricken.

Plaintiff must obtain leave of court to file a sur-reply or sur-response. *See Miami Valley Contractors, Inc. v. Town of Sunman, Ind.*, 960 F.Supp. 1366, 1370 (S.D. Ind. 1997). All parties are subject to the Court's procedural rules. *Id.* Local Rule 7.1(a) states:

> *Unless the court otherwise directs*, or as otherwise provided in L.R. 56.1, an adverse party shall have fourteen (14) days after service of a motion in which to serve and file a response, and the moving party shall have seven (7) days after service of a response in which to serve and file a reply.

N.D. Ind. Local Rule 7.1(a) (emphasis added). "The Rule makes no mention of a sur-reply or a sur-response, because the Court has determined that such extended motion practice is generally unnecessary." *Miami Valley*, 960 F.Supp. at 1370 (analyzing similar local rule and comparing *McDonald v. Schencker*, 18 F.3d 491, 496 (7th Cir. 1994) ("[A] sur-reply brief may be overkill and possibly a wasted effort since filing requires leave of the court.")). "Seeking permission [to submit supplemental briefs] is not a mere technicality to be overlooked or indulged by the Court." *Id.* at 1371.

"There is no question that . . . unauthorized submissions [may] properly be excluded from consideration by [the] Court." *Id.* "The court's decision to permit or deny a surreply brief is reviewed under an abuse of discretion standard." *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 cv 64, slip op. at 1 (N.D. Ind. November 03, 2010) (citing *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir.1994).

Plaintiff appears to argue that he has not had an opportunity to conduct discovery and, therefore, that State Farm's Motion for Summary Judgment was inappropriate. Even if this were true,[4] State Farm's Motion for Summary Judgment pursuant to Rule 56 has been fully briefed. Plaintiff did not raise this issue when he had an opportunity to do so, and consequently, he may not raise it now, in an untimely and unauthorized filing.

## IV.     PLAINTIFF'S RESPONSE IS STILL FATALLY FLAWED.

Even if his Response (or sur-response) were proper, Plaintiff again impermissibly argues his case on its alleged merits by way of a rambling narrative of allegations replete with inadmissible details. Plaintiff still has not set forth any admissible facts that establish a genuine issue for trial, and State Farm has shown that it is entitled to summary judgment.

State Farm properly filed its Motion for Summary Judgment on Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 56, rather than Fed. R. Civ. P. 12(b)(6), as Plaintiff appears to contend. Rule 56(c) provides that Plaintiff has an obligation to respond by setting forth specific facts that are admissible in evidence and that establish the presence of a genuine issue. If the opposing party fails to show that a genuine dispute exists, among other actions, the Court may consider the facts undisputed for purposes of the motion and may grant summary judgment where "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. Fed. R. Civ. P. 56(e).

As with his Response Brief, Plaintiff does not cite to or designate sworn statements or admissible evidence as required under the procedural rules and case law. *See* Fed. R. Civ. P. 56(e)(2); N.D. Local Rule 56.1(a); Fed. R. Ev. 602, 801, 802, 901, 902; *Celotex Corp. v. Catrett*,

---

[4] Pursuant to Rules 26(d)(a) and 26(a)(1)(B), Plaintiff may have sought discovery from any source at any time during this proceeding.

477 U.S. 317, 324 (1986) (stating that the summary judgment non-movant must go beyond the pleadings and support contentions with proper documentary evidence such as affidavits, depositions, answers to interrogatories, or admissions on file).

Although pro se pleadings are given liberal construction, procedural rules and requirements apply to pro se cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). More specifically, a pro se plaintiff is required to comply with local rules regarding summary judgment motions. The Seventh Circuit has held that "a district court is entitled to expect strict compliance with Rule 56.1." *Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817 (7th Cir. 2004) (stating that "[s]ubstantial compliance is not strict compliance"); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (a local rule pertaining to summary judgment "is more than a technicality").

"Supporting materials designed to establish issues of fact in a summary judgment proceeding 'must be established through one of the vehicles designed to ensure reliability and veracity-depositions, answers to interrogatories, admissions and affidavits." *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987) (quoting *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 139 (7th Cir. 1985)). When a party seeks to offer evidence, the evidence must be supported by affidavit or otherwise made admissible in evidence. *Id.; Williams v. Hissong*, 679 F. Supp. 2d 954 (N.D. Ind. 2009).

Just as with Plaintiff's previous Response Brief, every factual assertion in the current Response is unsupported by admissible evidence. Plaintiff did not submit any affidavits or authenticated documents to support his allegations or to contradict State Farm's evidence. While pro se complaints are more liberally construed than complaints drafted by an attorney, there is no

less formidable test for accepting materials as admissible evidence to create a genuine issue of material fact. *Williams,* 679 F. Supp. 2d at 962-63; *see also Averhart v. Arrendondo*, 773 F.2d 919 (7th Cir. 1985) (noting that the generous treatment afforded to pro se litigants does not exempt them from both the substantive and procedural rules of law and does not authorize a separate set of rules for them). Thus, Plaintiff is held to the same standard as a party represented by counsel. Plaintiff has not met that standard. This Court should not consider the narrative factual conjecturing and materials in Plaintiff's Response.[5]

WHEREFORE, State Farm Fire & Casualty Company respectfully requests that this Court enter summary judgment in its favor.

<div style="margin-left:40%">

Respectfully submitted,

LEEUW OBERLIES & CAMPBELL, P.C.


By____/s/ Jan N. Campbell_____
    JEFFREY R. OBERLIES 10886-45
    JAN N. CAMPBELL      13934-53
    Attorneys for Defendant, State Farm
    Fire & Casualty Company

</div>

---

[5] Even if the Court considered the materials and Plaintiff's "factual" narrative, they do not create a genuine issue of material fact as set forth in State Farm's Summary Judgment Reply Brief filed previously.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following pro se party

of record by United States First Class Mail, postage prepaid, this 18th day of January, 2011:

<div align="center">

Joseph Trzeciak, Sr.
#07984-027
U.S. Penitentiary
P.O. Box 33
Terre Haute, Indiana  47808

</div>

                                                          _____/s/ Jan N. Campbell_____
                                                           JAN N. CAMPBELL    13934-53

JEFFREY R. OBERLIES
JAN N. CAMPBELL
LEEUW OBERLIES & CAMPBELL, P.C.
320 N. Meridian Street, Suite 1006
Indianapolis, Indiana  46204
Telephone:    (317) 684-6960
Telecopier:    (317) 684-6961
Email:        joberlies@indylegal.net
                jcampbell@indylegal.net

<div align="center">

8

</div>