UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH TRZECIAK, SR, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-358-JTM-PRC |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Amend Complaint [DE 23], filed by Plaintiff Joseph Trzeciak, Sr. on December 13, 2010, and State Farm Fire & Casualty Company's Motion to Strike and Opposition to Plaintiff's Motion for Leave to Amend Complaint [DE 25], filed by Defendant on December 22, 2010. The Plaintiff filed a Response to Motion to Strike [DE 28] on January 10, 2011, and Defendant filed a reply [DE 29] on January 18, 2011. For the following reasons, the Court denies the Plaintiff's Motion to Amend Complaint and denies State Farm Fire & Casualty Company's Motion to Strike.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, proceeding in this matter *pro se*, filed his complaint in the Lake County Circuit Court on August 9, 2010. The Complaint alleges that Defendant insurance company refused to reimburse Plaintiff for losses covered by his insurance policy.

On September 14, 2010, this matter was transferred to the United States District Court for the Northern District of Indiana. On October 13, 2010, Defendant answered the Complaint, and on November 16, 2010, before discovery had commenced, Defendant filed a Motion for Summary Judgment.

On December 9, 2010, the Court docketed an Amended Complaint [DE 22], postmarked December 7, 2010, and on December 13, 2010, the Court docketed the instant Motion to Amend Complaint [DE 23], with a Certificate of Service dated December 8, 2010. Defendant filed the instant Motion to Strike and Opposition to Plaintiff's Motion for Leave to Amend [DE 25] on December 22, 2010.

**ANALYSIS**

The Plaintiff requests that the Court grant him leave to amend his complaint, which was originally filed on August 9, 2010. Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course.
> A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments.
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). The Supreme Court explained the term "freely given:"

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's allegations in the proposed amended complaint were drafted *pro se*, without the assistance of an attorney, and therefore are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

### A. Compliance with Procedural Rules

Defendant first argues that Plaintiff's proposed amended complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 15 and Local Rule 15.1. Describing the procedural requirements of requesting leave to amend a pleading, Northern District of Indiana Local Rule 15.1 provides:

> A party who moves to amend a pleading shall attach the original of the amendment to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion.

N.D. Ind. L.R. 15.1.

Plaintiff's proposed amended complaint was docketed separately from his Motion, and was therefore not in compliance with Local Rule 15.1. However, review of the paper filings indicates that the proposed amended complaint was mailed on December 7, 2010, contemporaneously with Plaintiff's response to Defendant's motion for summary judgment, and the certificate of service on Plaintiff's Motion to amend was dated the following day. Although technically not in compliance with Local Rule 15.1, for the purposes of this Motion and in the interests of justice, the Court will treat the proposed amended complaint at [DE 22] as an attachment to the Motion [DE 23]. In addition, the Court notes that Defendant may have been under the belief that Defendant's Motion for Summary Judgment was a motion that would allow an amendment as a matter of course under Federal Rule 15(a)(1)(B), and that, had it been a motion under Rule 12(b), (e), or (f), his proposed

amended complaint would have been timely filed.[1] The Court recognizes that Plaintiff has no right to amend as a matter of course following a motion under Rule 56, but notes that Plaintiff is *pro se* and appears to be attempting to comply with the rules of procedure. For these reasons, and particularly since Plaintiff is proceeding *pro se*, in the interests of justice the instant Motion to amend will not be denied for failure to comply with Local Rule 15.1.

### B. Grounds for Amendment

Defendant argues that Plaintiff's Motion should be denied because the motion does not set forth with particularity the relief requested or the grounds for amendment as required by Federal Rule of Civil Procedure 7(b). In addition to arguing that Plaintiff failed to properly attach the proposed amended complaint, addressed above, Defendant also argues that the Motion itself does not describe the allegations added in the amended complaint or justification for the proposed amendments.

Federal Rule of Civil Procedure 7(b)(1) provides that motions "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). Plaintiff's Motion complies with each element of the Rule: it is in writing, it states the grounds for seeking the order (to add defendants), and it states the relief sought (leave to file his amended complaint). *See Elustra v. Mineo,* 595 F.3d 699, 708 (7th

---

[1] Local Rule 7.1 provides that "[t]ime shall be computed as provided in Fed. R. Civ. P. 6 ..." N.D. Ind. L.R. 7.1(a). Federal Rule of Civil Procedure 6(d) provides: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Federal Rule of Civil Procedure 5(b)(2)(C) provides for the service of a paper by "mailing it to the person's last known address - in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The Motion for Summary Judgment was filed on November 16, 2010. If it had been a motion under Rule 12(b),(e), or (f), the amended complaint would have been due by December 10, 2010. It was docketed on December 9, 2010.

Cir. 2010)(finding that a similarly concise motion met Rule 7(b)(1)'s requirements). Plaintiff's Motion will not be denied for failure to comply with Federal Rule of Civil Procedure 7(b).

### C. Heightened Pleading Standards for Fraud

Defendant also argues that the fraud claims against George C. Petrich in Count Two do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). For claims of fraud or mistake, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To meet this standard, a plaintiff must allege "the 'who, what, when, where, and how' of the alleged fraud." *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 401 (7th Cir. 2009) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). This includes "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (internal quotations omitted). The Rule 9(b) standard "ensure[s] that the party accused of fraud, a matter implying some degree of moral turpitude and often involving a 'wide variety of potential conduct,' is given adequate notice of the specific activity that the plaintiff claims constituted the fraud so that the accused party may file an effective responsive pleading." *Lachmund v. ADM Investor Servs.*, 191 F.3d 777, 783 (7th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296, at 580 (2d ed. 1990)).

After reviewing the proposed amendment, the Court concludes that Plaintiff's proposed fraud claim does not meet the heightened pleading standard required by Rule 9(b). The pleading does not

sufficiently detail the "who, what, when, where, and how" of the alleged fraudulent conduct. Although Plaintiff specifically identifies attorney George C. Petrich as the perpetrator of the alleged fraud and lays out the false representations that he alleges Petrich made to him, Plaintiff does not include specific dates for each of the misrepresentations, nor does he identify the method by which the misrepresentations were communicated to him. Therefore, the Motion to Amend the Complaint is denied with regard to Count Two, with leave to refile the fraud claims in compliance with the heightened pleading standard for fraud allegations.

### D. Amendment as Justice Requires

Finally, Defendant argues that Plaintiff's Motion should be denied because the amendments are futile, unduly delayed, prejudicial to Defendant, made in bad faith or with dilatory motive, and fail to rely on underlying facts and circumstances that are a proper subject of relief.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a plaintiff are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman*, 371 U.S. at 182. The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). A motion

may be properly denied if the proposed amendment would be futile because it could not withstand a motion to dismiss. *See Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). For instance, if, under the requirements of Rule 15(c), a proposed amended complaint does not relate back to the filing of the complaint and the new claims would be barred by the statute of limitations, then the amended complaint could not withstand a motion to dismiss.

### 1) Futility and Failure to Rely on Underlying Facts

Defendant argues that Plaintiff's proposed amendments are futile and will not survive a motion to dismiss because the statute of limitations has run as to all of Plaintiff's claims. Defendant argues that the insurance contract at issue limits the time in which a suit may be brought to twelve months, though recognizes that it extended the limitation period in this case through December 29, 2005. Indiana law allows contractual limitations shortening the period in which a party may file suit, although these "contractual provisions may sometimes be avoided if the claimant can prove fraud, duress, misrepresentation, adhesion, or illusory contract." *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005). The proposed amended complaint contains allegations that Defendant State Farm acted in bad faith, but does not include any allegations that would negate the contractual limitation on his time to file suit against them or otherwise address the statute of limitations. Therefore, the proposed amended complaint would be futile as to Defendant State Farm.

In addition, Defendant argues that the allegations of bad faith against State Farm do not contain any factual basis. Although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," it still must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93, 94 (quotations omitted). As described above, the bad faith claim against State Farm is futile

because it appears to be untimely. In addition, it fails to identify any grounds upon which the bad faith claim rests.

Defendant also argues that the statute of limitations has run against the two parties Plaintiff seeks to add as co-defendants. Count Two includes allegations of fraud against George C. Petrich. In fraud cases brought in Indiana, there is a six year statute of limitations. Indiana Code § 34-11-2-7. The "cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wilbur v. Keybank Nat'l Ass'n*, 962 F. Supp. 1122, 1133 (N.D. Ind. 1997)(citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842 (Ind. 1992)); *see also Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1369 (7th Cir. 1995). The proposed amended complaint as drafted does not indicate when the plaintiff knew or should have known of the alleged fraud, so the Court cannot now determine whether this claim, were it adequately pled, would be barred by the statute of limitations. As described above, the Motion to Amend Complaint is denied with leave to refile as to the fraud claims against George C. Petrich. Any further amendment should also address when the plaintiff knew or should have known of the alleged fraud.

Count Three, including tort claims against Al Dempsey Insurance Agency, Inc., is futile as drafted due to the statute of limitations. Indiana Code § 34-11-2-4 establishes a two year statute of limitations on tort actions involving injuries to person, character, or personal property. The incidents that form the factual basis of the Complaint occurred in 2004, significantly more than two years before the Complaint was filed in 2010. Because, as described above, the claims against State Farm that form the basis of the original pleading are time-barred, the Court need not address whether Count Three of the proposed amended complaint relates back to the date of the original pleading under Federal Rule of Civil Procedure 15(c). Therefore, the proposed amended complaint is futile

as to Count Three.

### 2) Undue Delay and Prejudice

Defendant argues that this amendment was unduly delayed and prejudicial because it comes after Defendant's filing of a Motion for Summary Judgment.

The Seventh Circuit has identified two events after which a Motion to Amend is generally considered unduly delayed and prejudicial: the close of discovery and the filing of a motion for summary judgment. *Sanders v. Venture Stores*, 56 F.3d 771, 774 (7th Cir. 1995) (listing cases). There are still many months remaining for discovery - indeed, no discovery has yet occurred - and the Court has yet to hold a Rule 16 preliminary conference to discuss scheduling and set deadlines. Typically, the scheduling order the Court enters during the Rule 16 preliminary pretrial conference includes a deadline for filing motions to amend as well as deadlines for the different phases of discovery. In this case, Defendant filed its Motion for Summary Judgment before the conference could be held, just two months after the case was removed to this Court and three months after it was originally filed. The Court will not find that Defendant's filing of a Motion for Summary Judgment so soon after removing the case to this Court forecloses any and all amendment by Plaintiff. Defendant has made no showing that Plaintiff's Motion comes after undue delay or that it will cause prejudice to Defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Motion to Amend Complaint [DE

23], **with leave to refile** the allegations of fraud against George C. Petrich within 45 days of the date of this Order. The Court hereby **DENIES** the motion contained within State Farm Fire & Casualty Company's Motion to Strike and Opposition to Plaintiff's Motion for Leave to Amend Complaint [DE 25].

So ORDERED this 1st day of March, 2011.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record
       Plaintiff, *pro se*