# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSEPH TREZIAK, SR. <br>     Plaintiff, <br><br> v. <br><br> GEORGE M. PETRICH, <br>     Defendant. | CAUSE NO.: 2:10-CV-358-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion for Order on Plaintiff to File a Reply [DE 87], filed by Defendant George M. Petrich on April 10, 2013. Although Defendant is proceeding pro se, he is a licensed attorney. Defendant asks the Court to Order Plaintiff to file a reply to his Answer. In the one paragraph motion, Defendant notes that he has asserted affirmative defenses in his Answer.

Although a reply to an answer may be ordered by the Court pursuant to Federal Rules of Civil Procedure 7(a)(7) and 12(a)(1)(C), "a reply to an answer ordinarily is unnecessary and improper in federal practice." Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1185 (3d ed.). "Unless the court orders a reply to an answer or third-party answer, the pleadings close after the last of the following pleadings in the case has been filed: answer, reply to a counterclaim, answer to a cross claim, and third-party answer." *Shield Techs. Corp. v. Paradigm Positioning, LLC*, – F. Supp. 2d –, – (N.D. Ill. Oct. 3, 2012) (citing 2-12 Moore's Fed. Prac. Civil § 12.38). Federal Rule of Civil Procedure 8(b)(6) provides that "[i]f a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6). Thus, because a responsive pleading to an answer is not required, the allegations in Defendant's Answer are considered denied by Plaintiff.

Generally, "[a] substantial reason must be given or necessity must be demonstrated by the movant to justify the court ordering a reply to an answer." Wright & Miller, 5 Fed. Prac. & Proc.

Civ. § 1185 (3d ed.). Defendant has provided no substantial reason or necessity. Nor has Defendant pleaded a counterclaim to which an Answer would be required. Notably, Defendant has filed a one-paragraph document titled, "Motion for Judgment on the Pleadings." *See* docket entry 88. By its own terms, Rule 12(c), which allows for a motion for judgment on the pleadings, applies only after the pleadings are "closed." Fed. R. Civ. P. 12(c). Thus, the Court finds that there is no basis on which to order Plaintiff to file a reply to Defendant's Answer.

Accordingly, the Court hereby **DENIES** the Motion for Order on Plaintiff to File a Reply [DE 87].

At the April 10, 2013 hearing, Defendant represented to the Court that he would send Plaintiff a copy of each of his motions by mail. However, Defendant has not attached a certificate of service to either the instant motion or his Motion for Judgment on the Pleadings [DE 88], which is required by Federal Rule of Civil Procedure 5(d)(1). Accordingly, the Court **ORDERS** Defendant Petrich to **FILE** a certificate of service for (1) the instant motion and (2) his Motion for Judgment on the Pleadings [DE 88], upon receipt of this Order. The Court advises Defendant that the future failure to provide a certificate of service showing service on Plaintiff may result in the filing being stricken.

SO ORDERED this 12th day of April, 2013.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   Plaintiff, *pro se*
      George M. Petrich, pro se