# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH TRZECIAK, SR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-358-JTM-PRC |
| | ) | |
| GEORGE M. PETRICH, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Sanctions [DE 128-1], filed by Plaintiff Trzeciak, as well as a related Motion for Leave to Amend Motion for Sanctions and Reply to Interrogatories Answers [DE 146] and Amended Motion for Sanctions and Reply to Interrogatories Answers [DE 147], both filed by Plaintiff Trzeciak on September 12, 2014. Defendant Petrich has not filed a response and the time to do so has passed.

An earlier Motion to Compel was granted on October 4, 2013, setting a deadline of October 21, 2013, for Defendant Petrich to respond to interrogatories. In the first Motion for Sanctions, filed on November 25, 2013, as an attachment to a Motion for Leave to File, Plaintiff Trzeciak requests that the Court impose sanctions on Defendant Petrich for failure to respond to the interrogatories as ordered. On July 28, 2014, the Court granted Plaintiff Trzeciak's Motion for Leave to File Motion for Sanctions and ordered Defendant Petrich to respond to the Motion for Sanctions by August 25, 2014. On August 29, 2014, Defendant Petrich finally filed an Answer to Interrogatories, but did not respond to the Motion for Sanctions. In the newly-filed Amended Motion for Sanctions, Plaintiff Trzeciak requests that sanctions be imposed against Defendant Petrich due to Defendant's late and incomplete filing of responses to interrogatories. Defendant Petrich has not addressed any of Plaintiff Trzeciak's requests for sanctions.

Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). In this case, Plaintiff Trzeciak is proceeding *pro se* so is not entitled to an award of attorney's fees. *See Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1377 (Fed. Cir. 2002); *see also Jacobs v. Scribner*, No. 1:06-CV-1280, 2011 WL 98585, at * 1 (E.D. Cal. Jan. 12, 2011) (acknowledging the court's inherent authority to award sanctions to pro se litigants). Rule 37 also provides for other sanctions for failure to obey a discovery order, but the suggested sanctions are not appropriate in this particular situation, where two *pro se* parties have not incurred any attorney fees and Defendant Petrich's failure does not warrant default judgment. *See* Fed. R. Civ. P 37(b)(2), (d). However, given Defendant Petrich's failure to respond to the interrogatories until the second order to do so, his late response after that deadline, and his failure to respond to either of Plaintiff Trzeciak's motions for sanctions, and noting that, although he is proceeding *pro se* in this case, Defendant Petrich is an attorney, the Court concludes that some sanction is appropriate. Federal courts have the inherent authority to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also Alexander v. U.S.*, 121 F.3d 312, 316 (7th Cir. 1997) ("Courts have inherent powers to protect themselves from vexatious litigation. [*Chambers*] holds that courts may use that authority when other sources do not govern the subject."); 18 U.S.C. § 401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistence to its lawful writ,

process, order, rule, decree, or command."). A failure to make an award of monetary sanctions available under the Court's inherent authority "would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." *Pickholtz*, 284 F.3d at 1377. Accordingly, the Court concludes that a monetary sanction is appropriate.

In addition to Plaintiff Trzeciak's requests for sanctions, he also argues that Defendant Petrich's answers to interrogatories 9 and 21 are incomplete or evasive. Interrogatory 9 begins, "If your answer to Interrogatory No. 8, hereof, is in the negative, . . . ." Defendant Petrich responded that the question was not applicable. Because Defendant Petrich responded "yes" to Interrogatory 8, the Court finds that his answer to 9 is sufficient.

Defendant Petrich did not answer Interrogatory 21, but it requests his "legal opinion" "about the legitimacy and/or merit of the plaintiff's claim against his insurer." Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In this case, Plaintiff Trzeciak is requesting information about Defendant Petrich's legal theory of a case. Defendant Petrich did not respond to the motion and has not explained his failure to answer this interrogatory, but because it involves information that is potentially confidential and does not have any obvious bearing on this litigation, the Court will not compel a response at this time. The Court also notes that, as this case will be proceeding to a bench trial between two *pro se* litigants, Plaintiff Trzeciak will be afforded plenty of opportunity to question Defendant Petrich.

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Sanctions [DE 128-1], **DENIES as moot** the Motion for Leave to Amend Motion for Sanctions and Reply to Interrogatories Answers [DE 146], and **GRANTS in part** the Amended Motion for Sanctions and Reply to Interrogatories Answers [DE 147]. The Court **ORDERS** that Defendant Petrich pay to the Court a fine of $100 for his failure to comply with the Court's orders.

So ORDERED this 29th day of October, 2014.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    Plaintiff, *pro se*
       Defendant, *pro se*