**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOSEPH TRZECIAK, SR, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-358-JEM |
| ) | |
| GEORGE M. PETRICH, ) | |
|         Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Motion for Clarifications and Objections [DE 163] and a Motion for Clarifications and Objections [DE 164], filed by Plaintiff Joseph Trzeciak, *pro se*, on June 9, 2015, and a document titled "Leave to File Motion how Evidence Should be Submitted to the Court and that Defendant or Plaintiff have no Right to Receive Either Sides Evidence Before July 14, 2015, Trial by Video" [DE 165], filed by Plaintiff on June 12, 2015. Plaintiff requests clarification of several matters related to the upcoming bench trial, set for July 14, 2015.

On June 3, 2015, the Court held a pretrial status conference. At that time, the parties agreed that Plaintiff would appear at the first, liability phase of the bench trial via videoconference. The Court found that since the matter is set for a bench trial, with no jury, and neither party is presenting witnesses for this first phase of the trial, the distance Plaintiff Trzeciak would need to be brought, across state lines, the number of state and federal officers needed for the transfer and the attendant expense, as well as the danger involved, creates good cause and compelling circumstances to hold the trial by videoconference. The Court ordered that both parties send their proposed exhibits to the Court before June 30, 2015, to facilitate presentation of those exhibits at trial.

Plaintiff now requests that the Court order the Illinois correctional facility at which he is

being held to transport him across state lines to attend the trial in person. As explained at the most recent hearing, Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Seventh Circuit Court of Appeals has explained that there is no constitutional right for a prisoner to attend his civil trial, and " the district court has discretion to determine whether a prison inmate can attend court proceedings in connection with an action initiated by the inmate." *Thornton v. Snyder*, 428 F.3d 690, 697-99 (7th Cir. 2005) (concluding that there had been no abuse of discretion in a finding good cause for *pro se* inmate to appear by videoconference at jury trial for claims addressing his confinement when inmate was serving a life sentence, was considered a flight risk, would require multiple officers to escort him the 120 miles to court, and was able to do everything "via videoconference that he could have done had he been physically present in the courtroom"); *see also Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008) (dismissing for lack of appellate jurisdiction an appeal of district court's denial of prisoner's request to appear in person at his civil trial, after noting that "'[w]ritting' prisoners to a distant court entails cost and even danger, and the district judge deemed these compelling circumstances for allowing (with appropriate safeguards) video conferencing as an alternative"). The Court has already bifurcated the bench trial into two phases, and neither party is calling any witnesses for the first, liability phase of the trial, further limiting any drawbacks associated with appearing via videoconference. The Court reaffirms its decision that this case presents good cause and compelling circumstances for Plaintiff to appear via videoconference rather than be transported across state lines, at great cost in time, manpower, financial resources, and potential danger, for the brief liability phase of this bench trial.

Plaintiff also objects to the Court's Order that both parties provide their exhibit lists in advance of trial. Federal Rule of Civil Procedure 26(a)(3) governs pretrial disclosures and requires that

> a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: . . . an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A)(iii). Despite Plaintiff's assertions, it is customary for parties to submit an exhibit list to the Court, and the parties are often asked to stipulate to the admissibility of certain exhibits before trial. The Court has not asked these two parties to stipulate to admissibility, but, in order to facilitate trial, particularly given the limitations of videoconference, the Court will require the parties to provide their proposed exhibits in their entirety (with the exception of any evidence that may be used solely for impeachment) in advance of trial. Merely providing copies of exhibits in advance does not prejudice the ability of either party to challenge the admissibility of any evidence. In particular, Plaintiff raises concerns about Defendant's failure to comply with discovery, and the Court recognizes that Defendant was sanctioned for that lack of compliance. Under Federal Rule of Civil Procedure 37, a party who has failed to provide certain information in discovery can be prevented from presenting that information as evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff may present his arguments about the admissibility of particular evidence as well as the applicability of Rule 37 sanctions as to particular exhibits at trial.

Plaintiff also renews his request for the Court to rule on his previous request for a subpoena for video evidence [DE 157]. As explained at the Pretrial Conference on May 14, 2015, the trial is

being bifurcated. The question of liability will be decided first, at the trial set for July 14, 2015, and then, if necessary the Court will set the matter for trial on the question of damages and will at that point address necessary subpoenas and witness lists for that portion of the trial.

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Leave to File Motion for Clarifications and Objections [DE 163], and **DENIES in part** the relief requested in the Motion for Clarifications and Objections [DE 164] and the "Leave to File Motion how Evidence Should be Submitted to the Court and that Defendant or Plaintiff have no Right to Receive Either Sides Evidence Before July 14, 2015, Trial by Video" [DE 165], except insofar as Plaintiff requests the explanation provided above.

The Court **REAFFIRMS** its earlier Order requiring both parties to provide copies of their proposed exhibits to the Court on or before **June 30, 2015**, and the bench trial setting of **July 14, 2015, at 9:30 a.m.**, at which Plaintiff will appear via videoconference.

So ORDERED this 19th day of June, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*  
Defendant, *pro se*