# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH TRZECIAK, SR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-358-JEM |
| | ) | |
| GEORGE M. PETRICH, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a "Do not Know What to Call this Motion Leave to File Motion Law Library Will not Make Copies" [DE 168] and a letter [DE 167]. Plaintiff requests leave to file a motion stating that the law library will not make copies of evidence and moves the Court for the trial to be held in person rather than by video conference. Plaintiff also requests that the Clerk of Court mail the instant Motion to Defendant due to Plaintiff's constraints with the law library and mailing materials.

On June 3, 2015, the Court held a pretrial status conference. At that time, the parties agreed that Plaintiff would appear at the first, liability phase of the bench trial via video conference. Afterward, Plaintiff moved to have the trial held in person rather than by video conference and the Court reaffirmed its decision that this case presents good cause and compelling circumstances for Plaintiff to appear via video conference rather than be transported across state lines, at great cost in time, manpower, financial resources, and potential danger, for the brief liability phase of this bench trial.

In order to facilitate presentation of exhibits at the video conference trial, the Court ordered that both parties send their proposed exhibits to the Court before June 30, 2015. Plaintiff's documents state that the prison's fax machine is not operating and the law library will not make

copies of his evidence and again moves for the bench trial to be held in person rather than by video conference.

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). As previously explained, the Seventh Circuit Court of Appeals has held that there is no constitutional right for a prisoner to attend his civil trial. *Thornton v. Snyder*, 428 F.3d 690, 697-99 (7th Cir. 2005); *see also Barnes v. Black*, 544 F.3d 807 (7th Cir. 2008). The opportunity to appear in a civil suit brought by an inmate "is a matter addressed to the court's discretion. In exercising that discretion, the court must weigh the inmate's interest in being present in court to give testimony in support of his claim against the government's interest in maintaining his confinement." *Perotti v. Quinones*, No. 14-1229, 2015 WL 3825014, at *8 (7th Cir. June 22, 2015) (citing *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976)).

In this case, the Court has already determined that good cause and compelling purpose exist to permit testimony by video conference. Plaintiff now argues that since the law library will not make copies of his evidence the trial should be held in person. The exhibits provided by Plaintiff show the law library refused to make copies without instructions from an another party or by the Court. In order to provide proper safeguards for Plaintiff to make his case through video conference, since it appears to the Court the facilitie's fax machine is inoperable, the Court will order the law library to make copies of the evidence. The Court again finds that since the matter is set for a bench trial, with no jury, and neither party is presenting witnesses for this first phase of the trial, the distance Plaintiff would need to be brought, across state lines, the number of state and federal

2

officers needed for the transfer and the attendant expense, as well as the danger involved, creates good cause and compelling circumstances to hold the trial by video conference.

Plaintiff also asks the Court to instruct the Clerk of Court to mail the Motion and exhibits to Defendant because he is unable to forward them in accordance with certificate service requirements. Due to the time constraints before trial, the Court, in the interest of justice, will make a one time instruction to the Clerk of Court to mail Plaintiff's Motion with this order.

For the foregoing reasons, the Court hereby **GRANTS but for relief different than requested** the "Do not Know What to Call this Motion Leave to File Motion Law Library Will not Make Copies" [DE 168] and **ORDERS** the law library to make copies of Plaintiff's evidence for the instant case. The Court hereby **GRANTS** the motion contained in the letter [DE 167] and **DIRECTS** the Clerk of Court to mail this order, DE 167, and DE 168 to Defendant George M. Petrich. The Court **CAUTIONS** Plaintiff that the Court will not mail any subsequent documents to Defendant on behalf of Plaintiff.

In the interest of justice the Court extends its earlier Order requiring both parties to provide copies of their proposed exhibits to the Court to on or before **July 2, 2015**, and **REAFFIRMS** the bench trial setting of **July 14, 2015, at 9:30 a.m.**, at which Plaintiff will appear via video conference.

So ORDERED this 25th day of June, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*  
Defendant, *pro se*