# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH TRZECIAK, SR, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-358-JEM |
| | ) | |
| GEORGE M. PETRICH, | ) | |
|         Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a cause of action filed by Plaintiff Joseph Trzeciak, Sr., *pro se*, on August 9, 2010, and the claims against Defendant George M. Petrich as laid out in the Third Amended Complaint [DE 37]. A bench trial was scheduled for July 14, 2015. Before beginning the trial, the Court requested clarification from the parties on an earlier action filed in state court. As described on the record, finding that the instant action was precluded by the prior state court action, the Court dismisses the instant case.

In his Third Amended Complaint, Trzeciak describes a state court case against Petrich in which he filed suit to regain title to his property and, as a result, was successful in obtaining title. Petrich previously argued in a motion to dismiss that Trzeciak's claims were barred by the doctrine of res judicata because the prior state court suit was dismissed with prejudice. His motion was denied because he failed to provide the underlying state court complaint as ordered, leaving the Court unable to determine whether the claims in this case were precluded. Petrich finally provided the complaint in his Answer to the Third Amended Complaint. Trzeciak filed suit in Lake County, Indiana Superior Court against Petrich on August 4, 2006, in case number 45D01-0608-PL-088. The complaint included a claim to quiet title related to the ownership of Trzeciak's house and claims against Petrich related to his legal representation of Trzeciak. The parties reached a settlement agreement in the state

court proceeding, and it was dismissed with prejudice.

"[R]es judicata prevents a party 'from relitigating the same cause of action against the parties to a prior decision.'" *Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.*, 988 F.2d 1480, 1487 (7th Cir. 1993) (quoting *United States v. Mendoza*, 464 U.S. 154, 163 (1984)). The doctrine is premised both on "the defendant's interest in avoiding the burdens of twice defending a suit" and on "the avoidance of unnecessary judicial waste." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). In this case, because the putatively preclusive judgment is from state court, we will look to Indiana law to determine whether res judicata applies. *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 130 (7th Cir. 1996) ("In deciding whether to give preclusive effect to state court judgments, federal courts look to state law in the state where the original action was decided.").

As was described in the Order denying Petrich's earlier motion to dismiss, in Indiana,

> [i]n order for a claim to be precluded under the doctrine of res judicata, the following four requirements must be satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Afolabi v. Atl. Mortgage & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). Furthermore, "a dismissal with prejudice constitutes a dismissal on the merits. Thus, a dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions that might have been litigated." *Id*. (citing *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002–03 (Ind.Ct.App. 2003)).

The prior state court case included claims that Petrich improperly obtained title to Trzeciak's property and harmed Trzeciak's legal interests by failing to provide the legal and professional services Trzeciak hired him to perform. The claims against Petrich in the instant case are that he defrauded Trzeciak by improperly obtaining Trzeciak's property and failed to provide the legal services for Trzeciak that he was hired to perform. Lake County Superior Court, a court of competent jurisdiction, dismissed the suit with prejudice after the parties reached a settlement agreement. Since all of the pending claims in this suit were or could have been determined in the prior action, the doctrine of res judicata precludes the instant action.

Trzeciak argued that the Court cannot now find that his claims are precluded since Petrich's earlier motion to dismiss was not granted, but Courts may *sua sponte* raise the issue of preclusion. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("[C]ourts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so."); *see also Studio Art Theatre*, 76 F.3d at 130 ("[T]he district court retained the power to raise the issue *sua sponte*, which it did. The benefits of precluding relitigation of issues finally decided run not only to the litigants, but also to the judicial system.").

As was stated on the record, because all of the claims in this lawsuit were or could have been asserted in the state court lawsuit, the settlement agreement and subsequent dismissal with prejudice

of that suit bars the federal case in this Court.  Accordingly, the Court **DENIES** the relief sought by Plaintiff Joseph Trzeciak, Sr., in the Third Amended Complaint and **ORDERS** that this case be **DISMISSED** with prejudice.

So ORDERED this 17th day of July, 2015.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:      Plaintiff, *pro se*
          Defendant, *pro se*