UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| JOSEPH TRZECIAK, SR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-358-JEM |
| | ) | |
| GEORGE M. PETRICH, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a "Motion for Trial De Novo F.R.C.P. 59; and to Reconsider" [DE 181], filed by Plaintiff Trzeciak, *pro se*, on July 22, 2014. Defendant Petrich has not filed a response and the time to do so has passed.

**I.  Background**

Trzeciak, proceeding in this matter *pro se*, filed a Complaint in the Lake County Circuit Court on August 9, 2010, including allegations arising under an insurance policy issued by initial defendant State Farm Fire & Casualty Company. After those claims were dismissed, on August 15, 2011, Trzeciak amended his Complaint to bring claims of fraud and breach of contract against Petrich, who was retained by Trzeciak to represent Trzeciak in criminal and civil proceedings. In particular, Trzeciak alleges that Petrich agreed to represent Trzeciak in his claims against State Farm but that Petrich failed to do so adequately. He also alleges that Petrich fraudulently recorded a quit-claim deed giving him Trzeciak's property, but that he returned the property after Trzeciak filed a suit to quiet title in Lake County Circuit Court.

Petrich filed a motion to dismiss, arguing that Trzeciak's claims were barred by the doctrine of res judicata because the prior state court suit was dismissed with prejudice. His motion was denied because he failed to provide the underlying state court complaint as ordered, leaving the Court unable

to determine whether the claims in this case were precluded. Petrich provided the complaint in his Answer to the Third Amended Complaint.

On July 17, 2015, the Court issued an Opinion and Order denying the relief sought by Trzeciak and dismissing the case with prejudice as precluded by the prior state court proceedings. Trzeciak now requests that the Court reconsider that Opinion and Order and set the matter for trial.

Also on July 17, 2015, Trzeciak filed a Notice of Appeal indicating that he was appealing this Court's dismissal to the Seventh Circuit Court of Appeals.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard of Review**

Federal Rule of Civil Procedure 59(e) provides that, "[a]ny motion to alter or amend judgment shall be filed no later than 28 days after entry of the judgment," Fed. R. Civ. P. 59(e). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However, Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267).

A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous

motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

Although Plaintiff filed an appeal of this case, this Court retains jurisdiction of the Motion insofar as it is a motion to reconsider that will be denied. *See Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001); *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 370 (7th Cir. 1991); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849-50 (7th Cir. 1981).

## III. Analysis

In the instant Motion, Plaintiff seeks reconsideration of the Court's Order dismissing the case as precluded by a prior state court case, and requests a trial on the merits.

Trzeciak argues that this federal suit arises from different facts than the prior state court case, although he admits that "there is some factual overlap." One difference between the cases that he specifies is that the suit initially removed to federal court was against an insurance company, but those claims were dismissed long ago, and his claims against Petrich were those that the Court determined are barred by res judicata. The other differences between the cases that Trzeciak

identifies involve the level of specificity of his claims in the two lawsuits.

As has now been explained in several Orders addressing the question of res judicata in this case,

> [i]n order for a claim to be precluded under the doctrine of res judicata, the following four requirements must be satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Afolabi v. Atl. Mortgage & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). The standard is not whether the claims were exactly the same, or whether all of the potentially pertinent facts or allegations were brought before the prior court. As explained, the prior state court case included claims that Petrich improperly obtained title to Trzeciak's property and harmed Trzeciak's legal interests by failing to provide the legal and professional services Trzeciak hired him to perform. The claims against Petrich in the instant case are that he defrauded Trzeciak by improperly obtaining Trzeciak's property and failed to provide the legal services for Trzeciak that he was hired to perform. Although the claims and facts are not completely identical, and the allegations about what work Petrich did not perform are given in significantly more detail in the current case, all of the pending claims in this suit were or could have been determined in the prior action, which was dismissed with prejudice by a court of competent jurisdiction. *See id*. ("[A] dismissal with prejudice constitutes a dismissal on the merits. Thus, a dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions that might have been litigated.") (citing *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002–03 (Ind. Ct. App. 2003)).

4

Trzeciak argues that the Court should not have addressed the issue of preclusion since it was not before the Court on a motion. Petrich had raised the affirmative defense of res judicata in an earlier motion to dismiss, but had not at that time presented the information needed for the Court to make a determination on that issue. The state court complaint was later attached as an exhibit to Petrich's Answer, which also asserted preclusion as an affirmative defense. As the Court explained in its prior Order, courts may *sua sponte* raise the issue of preclusion. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("[C]ourts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so."); *see also Studio Art Theatre of Evansville, Inc., v. City of Evansville*, 76 F.3d 128, 130 (7th Cir. 1996) ("[T]he district court retained the power to raise the issue *sua sponte*, which it did. The benefits of precluding relitigation of issues finally decided run not only to the litigants, but also to the judicial system.").

Trzeciak also argues that Petrich should be barred from presenting evidence at trial that was not produced in discovery. Petrich was sanctioned for his untimely responses to discovery requests. However, there was no trial in this case, so there was no evidence presented by Petrich at trial. Trzeciak also lists pages of evidence that he would like to present to the Court, all of which appears to address either the merits of his claims or discovery disputes he had with Petrich.

Trzeciak does not dispute that the prior state court case filed by him against Petrich was dismissed with prejudice, as described above. The bulk of his Motion re-raises arguments already ruled on by the Court or irrelevant to the question of whether this suit is precluded by the precious state court case. There is no newly-discovered evidence or change in the law governing these issues, and Trzeciak has not identified any error of apprehension by the Court. There has been no significant change in either the facts or the law since the Court's prior Order and the instant Motion

is therefore denied.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the "Motion for Trial De Novo F.R.C.P. 59; and to Reconsider" [DE 181].

SO ORDERED this 6th day of August, 2015.

                                         s/ John E. Martin
                                         MAGISTRATE JUDGE JOHN E. MARTIN
                                         UNITED STATES DISTRICT COURT

cc:    Plaintiff, *pro se*
       Defendant, *pro se*