UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH TRZECIAK, SR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-358-JEM |
| | ) | |
| GEORGE M. PETRICH, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a "Motion for Relief from Judgment or Order" [DE 186], filed by Plaintiff Trzeciak, *pro se*, on August 12, 2015, and a "Renew Motion for a New Trial F.R.C.P. 59" [DE 187], filed by Trzeciak on August 13, 2015. Defendant Petrich, *pro se*, has not filed a response to either motion and the time to do so has passed.

**I.   Background**

Trzeciak, proceeding in this matter *pro se*, filed a Complaint in the Lake County Circuit Court on August 9, 2010, including allegations arising under an insurance policy issued by initial defendant State Farm Fire & Casualty Company. After those claims were dismissed, on August 15, 2011, Trzeciak amended his Complaint to bring claims of fraud and breach of contract against Petrich, who was retained by Trzeciak to represent Trzeciak in criminal and civil proceedings. In particular, Trzeciak alleged that Petrich agreed to represent Trzeciak in his claims against State Farm but that Petrich failed to do so adequately. He also alleges that Petrich fraudulently recorded a quit-claim deed giving him Trzeciak's property, but that he returned the property after Trzeciak filed a suit to quiet title in Lake County Circuit Court.

Petrich filed a motion to dismiss, arguing that Trzeciak's claims were barred by the doctrine of res judicata because the prior state court suit was dismissed with prejudice. His motion was

denied because he failed to provide the underlying state court complaint as ordered, leaving the Court unable to determine whether the claims in this case were precluded. Petrich provided the complaint in his Answer to the Third Amended Complaint.

On July 17, 2015, the Court issued an Opinion and Order denying the relief sought by Trzeciak and dismissing the case with prejudice as precluded by the prior state court proceedings. On August 8, 2015, the Court denied a previous motion to reconsider. Trzeciak now requests that the Court again reconsider the Opinion and Order dismissing the case and set the matter for trial.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

Trzeciak moves for relief pursuant to Federal Rules of Civil Procedure 59 and 60. Federal Rule of Civil Procedure 60 provides for relief from a judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).

Similarly, a motion brought pursuant to Federal Rule of Civil Procedure 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However, Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267).

Under any rule, a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

III.    Analysis

In the instant Motion, Trzeciak again seeks reconsideration of the Court's Order dismissing the case as precluded by a prior state court case, and requests a trial on the merits. As the Court has now explained in multiple Orders, the standard for res judicata is not whether the claims were exactly the same, or whether all of the potentially pertinent facts or allegations were brought before the prior court, and since all of the claims against Petrich in this suit were or could have been determined in the prior action, which was dismissed with prejudice by a court of competent jurisdiction, the doctrine of res judicata applies. *Afolabi v. Atl. Mortgage & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006) ("[A] dismissal with prejudice constitutes a dismissal on the merits. Thus, a dismissal with prejudice is conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated.") (citing *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002–03 (Ind. Ct. App. 2003)).

Trzeciak's Motions re-raise arguments already ruled on by the Court. There is no newly-discovered evidence or change in the law governing these issues, and Trzeciak has not identified any error of apprehension by the Court. There has been no significant change in either the facts or the law since the Court's prior Orders, and so the current Motions must also be denied.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the "Motion for Relief from Judgment or Order" [DE 186] and "Renew Motion for a New Trial F.R.C.P. 59" [DE 187].

SO ORDERED this 5th day of October, 2015.

                            s/ John E. Martin
                            MAGISTRATE JUDGE JOHN E. MARTIN
                            UNITED STATES DISTRICT COURT

cc:    Plaintiff, *pro se*
       Defendant, *pro se*